May Term, 1828.

JUSTICE
v.
THE BOARD OF JUSTICES OF VERMILLION COUNTY.

---

## JUSTICE *v.* The BOARD of JUSTICES of Vermillion County.

In an action on a contract in which something is to be done by the plaintiff, on condition of which the defendant undertakes to pay, the plaintiff in his declaration must aver a performance or a readiness to perform on his part. But the want of such an averment must be taken advantage of by demurrer; or, if the judgment be by default, by motion in arrest.

The plaintiff, in such an action, cannot be obliged to prove performance of his part of the contract, before he has proved the existence of the contract itself.

APPEAL from the *Vermillion* Circuit Court.—This was an action of assumpsit by *Justice* against *The Board of Justices of Vermillion County*. Plea, the general issue. Verdict and judgment for the defendants.

SCOTT, J.—The appellant, who was plaintiff below, states in

*Thursday,*
*May 9.*

May Term,
1828.

———

JUSTICE
v.
THE BOARD OF
JUSTICES OF
VERMILLION
COUNTY.

his declaration that the board of county commissioners, at their *May* session, made a plan of a temporary court-house for the said county, and agreed with him that he should be the undertaker of the building, on his entering into bond with surety for the faithful performance of the contract, on or before the first day of *November* following; for which services he was to receive of the said commissioners the sum of 315 dollars. He then goes on to state that, afterwards, to wit, on the — day of *May* aforesaid, at the county aforesaid, in consideration thereof, (alluding to the aforesaid agreement,) and that the said plaintiff, at the special instance and request of the said commissioners, had then and there undertaken and faithfully promised the said commissioners to perform and fulfil the said agreement, in all things on his part and behalf to be performed and fulfilled, they the said commissioners undertook, and then and there faithfully promised the said plaintiff, to perform and fulfil the said agreement in all things on their part to be performed and fulfilled. He avers that he built the house according to the plan prescribed, and within the time specified; and assigns the breach, that neither the board of commissioners, during their continuance in office, nor the board of justices to whom were transferred the powers and authority of the said commissioners, have paid the said sum, &c. Plea, non-assumpsit; and issue. The cause was tried by a jury; and there was a verdict and judgment for the defendants.

We are informed, by a bill of exceptions, that the defendants objected to the admission of any evidence, on the part of the plaintiff, of the contract in the declaration mentioned, until the plaintiff should prove that the bond in the said contract mentioned had been given by the plaintiff, or that the giving of the bond had been either prevented or expressly waived by the defendants. Whether the giving of the bond, mentioned in the declaration, is any part of the contract declared on, or is only set out as inducement, need not now be decided. Nor is it necessary at present to inquire whether the giving of a bond, where it is a part of the contract, is material to be averred after the completion of the work, to secure which was the sole object of the bond. Giving the defendants all they claim, as it respects the importance of giving bond, and the necessity of that fact being averred in the declaration, neither the time nor

the manner of taking advantage of the defect could avail them in this case. Where the undertaking is founded on a contract in which something is to be done by the plaintiff, on condition of which the defendant undertakes to pay, it is necessary for the plaintiff in his declaration to aver a performance or a readiness to perform on his part. But the want of such an averment in the declaration, must be taken advantage of by demurrer; or, if the judgment be by default, by motion in arrest. 1 Esp. N. P. 129.—*Collins* v. *Gibbs*, 2 Burr. 899. Here was an issue in fact for the jury to try. All the evidence ought to have relation to the issue; and all evidence pertinent to the issue ought to go to the jury. To require a party to prove performance of a contract, before he can be permitted to prove its existence, is, to say the least of it, a novel proceeding.

There is another bill of exceptions in the record; but it states no opinion of the Court to which exception is taken. For the reasons already noticed the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Dewey*, for the appellant.
*Judah*, for the appellees.