Nov. Term,
1832.

NICHOLSON
v.
CARR.

---

## NICHOLSON and WIFE, and Another, Administrators, *v.* CARR and Another, Judges, &c. for the use of HAWN and WIFE.

Debt on an executor's bond against the administrators of the surety. The declaration did not aver that the relators were entitled to recover as heirs, legatees, or creditors of the testator, nor that assets subject to the claim had come to the hands of the executor; but it stated, that a decree had been recovered by the relators in a suit against the executor. Pleas, performance by the executor, *plene administravit* by him, &c. Issues on the pleas, and verdict for the plaintiff.

*Held,* that the defects in the declaration, as to the want of the averments mentioned, were cured by the verdict. *Held,* also, that the decree referred to in the declaration, without a record of the previous proceedings, was not admissible as evidence, and, *semble,* that, independently of that objection, the decree was inadmissible.

*Tuesday,*
*November 27.*

ERROR to the *Clark* Circuit Court.

STEVENS, J.—Debt upon an executor's bond, on the relation of *John Hawn* and *Sarah Hawn* his wife, against the defendants

as administrators of *James Downs*, deceased. The material facts are these:—On the 12th of *September*, 1822, one *James Downs*, together with *Joshua Redman* and *Isaac Stewart*, bound themselves jointly and severally to pay the plaintiffs, 1,000 dollars, conditioned that the said *Joshua Redman* should well, truly, &c. execute the will of *Catharine Stacy*, deceased, make complete inventories and settlements, pay all debts, legacies, &c. After stating the bond, the declaration avers that *Hawn* and wife, on the 23d day of *October*, 1826, by a decree of the *Clark* Circuit Court, recovered against *Redman*, as executor, &c. 150 dollars, &c., which decree is unpaid and in full force, &c., and that execution issued thereon and was returned *nulla bona*, &c., and breach of payment. These are all the material averments made. To which the defendants pleaded three several pleas. 1st, general performance; 2dly, that *Hawn* and wife had no legacy by the will; and 3dly, *plene administravit.* On which, issues were joined, a trial by jury had, and a verdict for the plaintiffs. The defendants moved in arrest of judgment, but the motion was overruled and final judgment rendered on the verdict.

It is contended that the motion in arrest of judgment should have prevailed.

The declaration is clearly defective. The suit is against the administrators of a surety of an executor, and they are only liable for the official defalcations of their intestate's principal. In this case, it is material that it should be averred on the record, that the relators were entitled either as heirs, legatees, or creditors, to the money they demand, out of the estate of *Catharine Stacy*, deceased, and that she died leaving a sufficient estate to pay the same, and that that estate came to the hands of the executor and is subject to the demand of the relators. None of these facts are averred either directly or indirectly; nor is there any direct positive averment of the death of *Downs*, or the grant of letters of administration to *Ann Nicholson:* it is possible, perhaps, to infer that such death and grant of letters took place, but the time when, and the place where, cannot even be inferred (1). The pleadings and verdict have cured the lack of the averments respecting the death of *Downs*, and the granting of letters of administration to *Ann Nicholson;* but the case is not so clear as to the defects respecting the cause of action. After verdict, it will be presumed that all was

14

proven that was necessary, if it be stated in the declaration, or is implied from the facts that are stated. *Stennel* v. *Hogg*, 1 Saund. 228, near the end of note 1.—*Craft* v. *Boite*, 1 Saund. 247, 248, note 3. A verdict will cure ambiguity; but it will not aid a case where the gist of the action is omitted. *Avery* v. *Hoole*, Cowp. Rep. 825. Our statute of *jeofails*, however, is very broad in providing for the defects a verdict shall cure. After naming many such defects that shall be cured by verdict, it adds, "or for omitting the averment of any matter, without the proving of which the jury ought not to have given such verdict." Under this provision, a verdict will cure the omission of the averment of any matter, which could be legally proved under the issues tried. The issues in this case, as they stand connected with the record, authorise the proof of the matter omitted in averment. The declaration would have been bad on demurrer; but after verdict for the plaintiffs, on the issues joined, we think, under our statute, the defects are cured.

It further appears of record that the defendants objected to the introduction, as evidence, of the decree in chancery set out in the bill of exceptions, 1st, because these defendants were neither parties nor privies to that record; 2dly, because the decree does not appear upon its face to be rendered against *Redman* in his fiduciary character; and 3dly, because it does not appear to be founded on the same subject-matter in controversy in this suit; but the objection was overruled and the decree went to the jury as evidence. The Court is of opinion that the objections taken to the decree's being given in evidence, were well taken, and ought to have prevailed. We can know nothing about the decree, only from what appears of record, and by that must be governed. There is nothing on this record to show us on what that decree is founded, the bill and other proceedings in that suit not appearing. We cannot, therefore, even presume that it is applicable to the case under consideration in this record. Again, these defendants are the administrators of a surety of an executor, and as such are sued on their intestate's bond; and in such case a judgment against the executor has been held not be evidence. 3 Harr. & M'Henry, 242, in the case of *Beall* v. *Beck*. The same principle is recognised in the case of *Respublica* v. *Davis*, 3 Yeates, 128, and in the case of *Dawes, Judge,* v. *Shed et al.* 15 Mass. Rep. 6 (2).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*I. Howk*, for the plaintiffs.

*J. H. Thompson* and *I. Naylor*, for the defendants.

(1) A declaration *against* husband and wife, administratrix *before* or *after* marriage, begins as follows:—"*John Doe* complains of *Richard Roe* and *Elizabeth* his wife, which said *Elizabeth* is administratrix of all and singular the goods, chattels, and effects, which were of *John Denn*, deceased, at the time of his death, who died intestate, being in custody, &c. For that whereas," &c. 2 Chitt. Pl. 114. For the form of a declaration *by* husband and wife, administratrix *before* or *after* marriage, see 2 Chitt. Pl. 112.

That the relator must have his claim against the estate established by a suit, before he can sue the sureties on the bond, is decided in the case of *Burnett* v. *Harwell*, 3 Leigh, 89. See, also, *Eaton* v. *Benefield*, Vol. 2, of these Rep. 52.— Rev. Code, 1831, p. 169, sec. 29. And that the declaration on the bond must aver assets or it is bad on demurrer, is decided in *Burnett* v. *Harwell*, supra. That was an action of debt by the Justices, &c. on the relation, &c. against an executor and his sureties on their bond. Breach, the non-payment of a legacy to the relator, for which legacy a decree had been obtained against the executor. General demurrer to the declaration, because there was no averment that assets to the value of the demand, or, indeed, that any assets had come to the hands of the executor. *Tucker*, President,—"The necessity of proof of assets is obvious from the consideration, that if no assets were received, there could be no breach by *devastavit*; and the necessity of establishing, by proof, the amount of assets, is also clear, because it has been repeatedly decided, that the jury must find either sufficient assets or the amount of assets. *Sturdivant* v. *Raines*, 1 Leigh, 481.— *Gardner's Adm'r.* v. *Vidal*, 6 Rand. 106. This, then, is obviously one of the most essential ingredients in the action. It may safely be called, indeed, the very gist of the action. And if it be the important inquiry before the jury, on the trial of the plea of *plene administravit*, or *conditions performed*, it is not less important in the case of a demurrer. For it must be remembered, that upon overruling the demurrer of the defendant to the plaintiff's declaration, peremptory judgment is pronounced against him for the plaintiff's demand. If, therefore, the declaration omit what is essential to constitute a right of action, it is impossible to give such judgment without palpable injustice. For, though the demurrer admits what *is* set forth in the declaration, it does not admit what is not; and hence it is that, (sweeping as are the provisions of our statute of *jeofails*,) they reach no case of a demurrer for matter of substance. Much, indeed, may be cured by a verdict; but no errors, except those of mere form, are protected from the effect of a demurrer. A further consideration may illustrate the essential character of an averment of assets, in order to enable the Court to pronounce judgment. Even a verdict for the plaintiff for his demand will not justify a judgment of the Court, unless that verdict expressly finds a sufficiency of assets, or the amount of the assets, so as to enable the Court to graduate thereby its own judgment. How, then, the Court can give judgment according to law and the very right of the case, when, so far from knowing the amount or sufficiency of the assets, it does not even know from the plaintiff's own declaration, that the defendant ever received any assets at all,—I cannot perceive."

(2) But see *Goodwin* v. *Wilson*, Vol. 1, of these Rep. 344.—*The Governor* v. *Shelby*, Vol. 2, of these Rep. 26.—*Eaton* v. *Benefield*, Id. 52. The *Virginia* decisions were, that the creditor must sue the executor and obtain a judgment against him, and that he must also by a second suit prove that the executor had committed a *devastavit*, before a suit could be brought on the executor's bond. A statute in that state, of 1814, dispenses with the intermediate suit to fix the *devastavit*. So that now there, after judgment against the executor, and a return of *nulla bona*, suit may be brought on the bond ; *Allen* v. *Cunningham*, 3 Leigh, 395; and the law is the same in *Indiana;* Rev. Code, 1831, p. 169; and in *Massachusetts; Coney, Judge, &c.* v. *Williams*, 9 Mass. 117; and in *New-York; The People* v. *Dunlap*, 13 Johns. 437.