May Term,
1835.

TRIMBLE and Others *v.* THE STATE, on the relation of S.
HOBAUGH.

TRIMBLE
v.
THE STATE.

The condition of a penal bond executed by *A.* and another, recited that *A.* had been adjudged by the Court to be the father of a bastard child, of which *H.* was the mother, and had been ordered by the Court to pay a certain sum to the mother, and certain other sums to the clerk of the Court for the use of the person who should afterwards support the child, and then stated that if the several sums should be so paid the bond should be void otherwise in force. *Held,* that the bond thus taken to secure a compliance with the order of the Court, is authorised by the statute.

If a declaration in such a case, setting out the condition and assigning breaches, be demurred to and the demurrer be sustained, the judgment on demurrer should be interlocutory only; and the truth of the breaches and the amount of the damages should be determined by a jury. After that, final judgment may be rendered for the penalty with costs, and execution be awarded for the damages assessed with costs.

If, in a suit brought by the state, on the relation of a *feme sole,* the relator's subsequent marriage be suggested and the plaintiff recover, the judgment should be for the state, on the relation of the husband and wife.

*Thursday,*
*May 28.*

ERROR to the *Delaware* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the state, on the relation of *Susan Hobaugh,* against *James Trimble, John Marshall,* and *John Trimble.* The foundation of the action is a bond in the penalty of 300 dollars. It is recited in the condition of the bond, that *James Trimble* had been adjudged by the Circuit Court to be the father of a bastard child, of which *Susan Hobaugh* was the mother, and that the Court had ordered him to pay a certain sum to the mother, and certain other sums to the clerk of the Court for the use of the person who should afterwards support the child. The condition of the bond, after this recital, states that if the several sums of money should be paid agreeably to the order of the Court, the bond to be void, otherwise to remain in force. The declaration assigns as a breach of the condition, the non-payment of the money payable by the order to *Susan Hobaugh,* the relator.

After the filing of the declaration, the plaintiff entered a suggestion on the record that *Susan Hobaugh,* the relator, had married one *Anderson Longacre* since the last continuance of the cause.

The defendants craved *oyer* of the bond and condition, and then demurred generally to the declaration.

May Term, 1835.

TRIMBLE
v.
THE STATE.

The Circuit Court overruled the demurrer, and entered a final judgment against the defendants for the penalty of the bond, together with the costs of suit.

The plaintiffs in error contend, that the bond declared on is not authorised by the statute, and cannot therefore be the foundation of a suit. The statute says, that the person adjudged to be the father of the child shall stand charged with the maintenance of it, in such sums as the Court shall order, and that the Court shall require the father to give security to perform the order. Rev. Code, 1831, page 286 (1). It appears to us, that this statutory provision warrants the taking from the reputed father and his sureties, such a bond as the one before us, as a security for a compliance with the order of the Court. The demurrer to the declaration was, therefore, correctly overruled.

There is an error, however, in the rendition of a final judgment for the penalty of the bond, immediately upon the overruling of the demurrer. The judgment on demurrer should have been in the nature of an interlocutory judgment only; and the truth of the breaches should have been determined, and the damages assessed, by a jury. After that, final judgment could have been rendered for the penalty with costs, and execution awarded for the damages assessed with the costs. See *Glidewell* v. *M'Gaughey*, 2 Blackf. 360.

There is also an error in the judgment, as to the name of the relator. The plaintiff had suggested on the record, as prescribed by the statute in such cases, the marriage of the relator since the last continuance of the cause. The judgment should have conformed to that suggestion, and been in favour of the state, on the relation of *Anderson Longacre* and *Susan* his wife.

The judgment must be reversed, and the proceedings subsequent to the overruling of the demurrer set aside, at the costs of *Anderson Longacre* and *Susan* his wife.

*Per Curiam.*—The judgment is reversed, &c. at the costs of the relators. Cause remanded, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiffs.
*C. B. Smith* and *D. Kilgore*, for the defendant.

(1) Vide Rev. Stat. 1838, p. 330 to 333.