May Term,
1860.

VAWTER
v.
THE OHIO
AND MISSIS-
SIPPI RAIL-
ROAD Co.

---

VAWTER *v.* THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

The New Albany. &c., Railroad Co. v. McCormick, 10 Ind. R. 499, followed.

If the complaint is not demurred to it is good after verdict.

If a subscription of stock in a railroad company is conditioned that the road be located on a certain route, the plaintiff may prove, in a suit upon it, that the defendant owned land upon that route.

The representations of a soliciting agent with regard to the ultimate value of railroad stock, is mere matter of opinion, upon which the subscriber has no right to rely.

A witness for defendant, upon cross-examination, in this case, was asked whether the subscription was not first made "for the purpose of securing the location on the *Broadhead* survey. *Held,* that the question was not leading.

Wednesday,
May 30.

APPEAL from the *Jefferson* Circuit Court.

HANNA, J.—Suit to recover installments on subscription to capital stock of the company.

The pleadings are similar to those in the case of *Andrews* v. the same appellees, at this term (1).

Numerous points are presented for our consideration by

the brief of the appellant. Such points, from the fourth
to the fourteenth inclusive, have been considered in the
case of *Andrews,* heretofore cited.

The first question raised is in reference to the ruling of
the Court striking out a part of the fourth paragraph of
the answer. The part stricken out is not before us by bill
of exceptions, so as to enable us to consider it.

The second point made, is upon the demurrer to the
eighth paragraph of the answer, which set up that no cer-
tificate of stock had been tendered before suit, and was
held bad. The decision was right. *The New Albany, &c.,
Railroad Co.* v. *McCormick,* 10 Ind. R. 499.

The third point is upon the sufficiency of the complaint.
It was not demurred to. It is good after verdict.

15. The plaintiff was suffered to prove that the defend-
ant owned a farm on one of the routes surveyed. The
subscription of the defendant was, in the first place, con-
ditional on the location of the road on that route, and
after its location made absolute. The evidence was prop-
erly received on the question of the inducements which in-
fluenced him to subscribe.

16. The Court refused to hear evidence of representa-
tions made by a soliciting agent in regard to the ultimate
value of such stock. This could not have been anything
more than a mere matter of opinion, upon which no per-
son should have placed such confidence as to have con-
trolled his action in subscribing.

17. A witness, upon cross-examination, was asked by
the plaintiff whether the subscription sued on was not
first made "for the purpose of securing the location on
the *Broadhead* survey." The question was objected to
because it was leading, and sought to elicit an opinion
only.

The rules of evidence are not so rigid in regard to a
cross-examination, as when a party is questioning his own
witness. The Court must have some discretion on that
point; we see no abuse of it here. The question does not
suggest an opinion as an answer. The witness might

have been informed by the defendant as to the purpose in view, &c.

18. The question of the application of payments is made. This was a question for the jury, whether the defendant intended to apply payments upon calls made before he subscribed or not. The number of receipts he produced was equal to the number of calls made after he subscribed, but several of them were for money paid on the same day, and in the body of some of the receipts they appeared to be in discharge of calls designated by their numbers, and the corresponding numbers on the records of the corporation appear to have been made prior to the subscription of defendant. These and other circumstances, in evidence, made a proper case for a jury.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*H. W. Harrington*, for the appellant.

*S. Judah*, for the appellees.

(1) See the next preceding case.