TOMLINSON *v.* HAMILTON and Another.

DEFECTIVE COMPLAINT.—FAILURE TO DEMUR.—Under the code, no defect in a complaint, not cured by a verdict, is waived by a failure to demur.

PLEADING.—ONE GOOD PARAGRAPH.—Where there is one good paragraph in a complaint, to which the evidence is applicable, no objection can be taken after verdict to another paragraph, which was bad on demurrer.

DEFECTS CURED BY VERDICT.—In a suit to recover the price of hay destroyed by the defendant's cattle, the complaint alleged that the "defendant's cattle unlawfully destroyed" the hay.

*Held,* that after verdict the complaint must be construed to charge the destruction of the hay to the unlawful acts of the defendant.

APPEAL from the *Warren* Circuit Court.

GREGORY, J.—*Robert* and *William L. Hamilton* sued *Frances Tomlinson* for a wrongful conversion of and an injury to personal property. The complaint is in two paragraphs. The first charges that the defendant, without leave, wrongfully took twelve and a half tons of hay, the property of the plaintiffs, of the value of one hundred and eighty dollars. The second charges that the defendant's cattle unlawfully destroyed five tons of hay, the property of the plaintiffs, of the value of seventy-five dollars. The defendant answered by the general denial. Trial by the court; finding for the plaintiffs, assessing the damages at two hundred and fifty dollars. Motion for a new trial overruled, and judgment. The evidence is in the record.

Under a contract between the plaintiffs and the defendant, the former cut a crop of hay, on the premises of the latter, on the shares, to be divided after it was stacked. The hay was stacked on the premises of defendant, and a division agreed upon. The hay was stacked at two different places in the meadow. The defendant, wishing to turn her cattle on the meadow, agreed with the plaintiffs that she would fence the stacks in the south part thereof, and the plaintiffs agreed to fence the stacks in the north part. The defendant built her part of the fence too close to the hay, by reason whereof her cattle got to and destroyed the hay sued

for in the second paragraph of the complaint. One *Jesse · Tomlinson*, and some other persons, attended to and fed the defendant's cattle, in the meadow where the hay was situated, during the winter after the hay was cut and stacked. The defendant went, in person, a few times during the winter, to look after the cattle. *Jesse Tomlinson* had some cattle of his own, which were fed with the cattle of the defendant; most of the cattle, however, fed in the meadow belonged to the defendant. During the winter, the persons in charge of defendant's cattle took some twelve and a half tons of the plaintiff's hay and fed it to these cattle of the *Tomlinsons*. Hay was worth, at the time, about fifteen dollars per ton.

The first question made is, that the second paragraph of the complaint does not state facts sufficient to constitute a cause of action. Under the code, no defect in a complaint, not cured by verdict, is waived by a failure to demur. 2 G. & H., § 54, p. 81. There being one good paragraph of the complaint, if the evidence is applicable to that, then no objection can be taken after verdict to the bad paragraph. But in the case at bar, a part of the evidence on which the court found is applicable alone to the second paragraph, and one ground of the motion for a new trial is excessive damages. No objection was made to the testimony, during the trial, on the ground that it was not applicable to the case made by the complaint.

The evidence shows a clear right of recovery for the hay destroyed by the defendant's cattle, on the ground that it was her duty, under her contract with the plaintiffs, to make a sufficient fence, and that the hay was destroyed by reason of her omission to do so. But it is objected that this is not the case made by the complaint. The second paragraph of the complaint is very general, and is, undoubtedly, demurrable; but the allegation that the defendant's cattle unlawfully destroyed the hay, after verdict, must be taken to refer to the acts of the defendant. And under this general allegation, proof that the hay was destroyed

by the unlawful omission of the defendant to make the fence, would, under the code, be good after verdict. The code provides that "the court must, in every stage of the action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment can be reversed or affected by reason of such error or defect." 2 G. & H., § 101, p. 122. See, also, *Whitney* v. *Lehmer*, 26 Ind. 503. It is urged that there is no proof that the defendant had any knowledge of the wrongful acts of her servants in feeding the hay of the plaintiffs to her cattle. It was the duty of the defendant to furnish food for her cattle, and if she omitted to look after the matter, and allowed her servants to feed the hay of the plaintiffs, she is clearly liable. Indeed, the acts of the servants were her acts, under the circumstances of this case. The cattle were fed on the defendant's own premises, by her own servants, and under her own eyes.

We have carefully examined the testimony, and think the evidence fully sustains the finding of the court, and that the motion for a new trial was rightly overruled.

The judgment is affirmed, with costs.

*J. McCabe*, for appellant.

*B. F. Gregory* and *J. Harper*, for appellees.