*J. U. Pettit, T. T. Weir,* and *H. S. Kelley,* for appellant.

———————◆———————

## The Indianapolis, Pittsburgh, and Cleveland Railroad Company *v.* Petty.

30 261
136 241
30 261
165 277

NEGLIGENCE.—*Willful Injury.*—Where an injury is alleged to have been willfully done, it is not necessary that it should appear that the plaintiff's negligence did not contribute to it.

PRACTICE.—*Intendment after Verdict.*—The most liberal form of the common law doctrine of intendment after verdict should be maintained under our practice.

RAILROADS.—*Injury to Animals.*—*Pleading.*—In a suit against a railroad company, to recover for animals killed, the complaint averred "that the railroad aforesaid was not securely fenced in, and the fence properly maintained."

*Held,* that this language may mean that the railroad was not securely fenced anywhere, and therefore imply that it was not so fenced where the animals entered upon the road; and, after verdict for the plaintiff, it is fair to assume, no objection appearing to have been made to evidence, and the evidence not being in the record, that proof of the fact thus implied was made without objection.

APPEAL from the Delaware Common Pleas.

Petty sued for the value of cattle killed by the cars of the appellant. The complaint was in two paragraphs. The first alleged the killing, &c., and averred, "that the railroad aforesaid was not securely fenced in, and the fence properly maintained by said company."

The second paragraph alleged, "that the defendant, by her agents and servants, on, &c., negligently, carelessly, and willfully, ran over, knocked down, and killed, two steers, the property of the plaintiff, of the value of three hundred and fifty dollars, by running the locomotive and train of cars of the defendant, then and there running upon the railroad of defendant in said county, upon and over said cattle, negligently, carelessly, and willfully, to the damage of plaintiff," &c.

A demurrer to the second paragraph, on the ground of the insufficiency of the facts stated, was overruled, and the defendant excepted.

Issues were formed, upon the trial of which there was a verdict for the plaintiff.

The only questions presented here are as to the sufficiency of the complaint.

FRAZER, J.—The second paragraph of the complaint was good. Where the injury is alleged to have been willfully done, it is not necessary that it should appear that the plaintiff's carelessness did not contribute to it. *L. & I. R. R. Co.* v. *Adams,* 26 Ind. 76.

The sufficiency of the first paragraph is questioned here by assignment of error, no such question having been made in the court below, nor in this court, upon a former appeal. See 25 Ind. 413. It is not directly shown by this paragraph

that the animals entered upon the road where there was no sufficient fence, the averment being merely "that the railroad aforesaid was not securely fenced in, and the fence properly maintained." This language may mean that the railroad was not securely fenced anywhere, and therefore imply necessarily that it was not so fenced where the animals entered. Such liberality of construction must be indulged after verdict. 1 Chitty's Pl. 673, *et seq.* There could not have been a verdict for the plaintiff upon this paragraph without proof of the fact thus implied; and as no objection appears to have been made to evidence, and the evidence is not in the record, it is, we think, fair to assume in support of the judgment, that this proof was made without objection. The code has little toleration for the practice of concealing questions from the lower courts with a view to make them available upon vexatious appeals; and it is therefore necessary to the harmony of our practice, as a whole, as well as to the fair administration of justice, that the most liberal form of the common law doctrine of intendment after verdict shall be fully maintained.

The judgment is affirmed, with ten per cent. damages and costs.

*W. March, J. A. Harrison,* and *J. Davis,* for appellant.

*C. E. Shipley,* for appellee.