## Dawson v. Byard.

PLEADING.—*Damages.*—*Contract.*—In an action by the seller for damages for a breach of a contract for the purchase of a certain number of hogs at a specified price, of a minimum weight, at a fixed time and place, where the complaint alleged that the plaintiff had the hogs at the place and time fixed, ready for delivery, and the defendant failed and refused to receive and pay for them; *Held*, after verdict and judgment for the plaintiff, that it was not necessary to further aver that the hogs were weighed and set apart for the defendant.

APPEAL from the Warren Common Pleas.

OSBORN, J.—This action was instituted by Byard, the appellee, against Dawson, the appellant. The complaint alleges that on the —— day of September, 1870, the appellee sold to the appellant sixty head of fat hogs, to be delivered on a day named, at eight dollars per hundred pounds gross, each hog not weighing less than two hundred pounds; that he was ready with the hogs to comply with his part of the contract at the time mentioned for the delivery; that the appellant failed to receive and pay for them, but asked fur-

ther time, which was granted, and the 13th day of December, 1870, was fixed and agreed upon as the time, and the appellee's farm as the place of delivery; that the appellant at different times paid on the contract sums of money. It then avers, that on the 16th day of December, 1870, he was ready at the place of delivery, his farm, with said sixty hogs, to comply with his part of the contract; that the appellant wholly failed and refused to receive and pay for them, according to his contract, to his damage one thousand dollars.

The defendant filed an answer of several paragraphs, and an issue of fact was formed. The issues were tried by a jury, and a verdict rendered for the plaintiff for two hundred and four dollars and eighty cents. Final judgment was rendered on the verdict.

The appellant assigns for error, that the complaint does not state facts sufficient to constitute a cause of action.

The objection urged against the complaint is, that by the terms of the contract, it was a condition precedent to any right of recovery by the appellee, that he should not only have the hogs ready for delivery to the appellant at the time and place specified and fixed by the contract, but that he must also have them weighed and set apart for him; that unless these facts are averred in the complaint, it is defective, and that the defect can be reached after verdict and judgment, on appeal.

We are referred to the following authorities to sustain the position: 10 Ind. 117. In that case, a demurrer was filed to an answer and sustained, and this court decided that the demurrer searched the record, and that it would reach the complaint. 12 Ind. 389. The action in that case was against the indorser of a promissory note, payable at a bank. The complaint failed to aver presentment for payment, protest, and notice, or any excuse for failure to do so. Without such demand, failure, and notice of non-payment, there was no liability. 21 Ind. 289. The action was upon a written instrument, and under the statute it is imperative that a

Dawson *v.* Byard.

copy or the original instrument must be filed with the complaint. Without it, there is no cause of action.

On the other hand, it has been held, that if a good cause of action be stated in the complaint, though it be defectively stated, a general verdict will cure the defect (4 Blackf. 42), because it will be presumed that all circumstances, both in form and substance, necessary to complete the cause of action thus defectively stated, were proved at the trial. 3 Blackf. 104; 2 Blackf. 149.

In this case, it is said: "Where the undertaking is founded on a contract in which something is to be done by the plaintiff, on condition of which the defendant undertakes to pay, it is necessary for the plaintiff in his declaration to aver a performance or a readiness to perform on his part. But the want of such an averment in the declaration, must be taken advantage of by demurrer; or, if the judgment be by default, by motion in arrest." 27 Ind. 139; 17 Ind. 115.

We do not think the complaint liable to the objection urged against it. The action was not instituted to recover the price of the hogs, but damages for failing and refusing to receive and pay for them. The averment that he had the hogs at the place and time fixed in the contract, ready for delivery, and that the appellant failed and refused to receive and pay for them, is sufficient in an action to recover damages for such refusal. The refusal of the appellant to receive the hogs rendered it unnecessary for the appellee to weigh and set them apart. It would have been a useless labor. If the facts alleged entitled the appellee to any damages, the complaint was not subject to a demurrer. The amount was a question for the jury, and depended upon the evidence.

The authorities cited by appellant on this question are not applicable to an action like this.

The judgment of said Warren Court of Common Pleas is affirmed, with costs, and ten per cent. damages.

*J. H. Brown* and *J. M. Rabb*, for appellant.

*J. McCabe*, for appellee.