## GANDER v. THE STATE, EX REL. RASURE.

PLEADING.—*Complaint on Guardian's Bond.—Defects Cured by Verdict.*—A complaint against a surety on a guardian's bond given in case of an order to sell real estate of his ward, alleging a sale of the real estate for a certain sum and its receipt by the guardian, the making of a report by the guardian showing a balance in his hands, that the guardian thereafter died insolvent, with the balance in his hands, which has not been paid, etc., is good after verdict, though it does not allege that the money was a part of the proceeds of the real estate.

SAME.—Many inaccuracies and omissions, which would be fatal if early observed, are cured by a subsequent verdict.

From the Warrick Circuit Court.

*C. Denby, D. B. Kumler, I. S. Moore,* and *C. S. Denny,* for appellant.

*J. S. Tarkington* and *Daily & Armstrong,* for appellee.

BIDDLE, C. J.—Suit on a guardian's bond, the condition of which is as follows:

" That as the above bound George W. Hayward, guardian of John Rasure, minor heir of James Rasure, deceased, has been ordered by the court of common pleas of Warrick county to sell said minor's real estate. Now, if the said George W. Hayward will faithfully discharge the duties of his trust, according to law, then," etc.

The breach alleged is in the following words:

That " said guardian sold said real estate for the sum of eight hundred dollars, and that since said sale said guardian has received all of said eight hundred dollars; and that afterwards, to wit, on the 21st day of June, 1871, said guardian made a report to said court, and in his account current it appears that there was then in his hands belonging to his ward, John Rasure, the plaintiff, after deducting all credits, the sum of five hundred and fifty-eight dollars and eighty-three cents. And the plaintiff avers that said John W. Hayward departed this life on the 10th day of April, 1872, intestate, and insolvent, and the sum of money above mentioned, viz., five hundred and fifty-eight dollars and eighty-three cents, remained in his hands at the time of his death, and has never since been paid," etc.

The appellant was sued as surety on the bond. There was no demurrer to the complaint. Issue was formed, trial had by the court, and a finding for the appellee.

There was a motion " to set aside the finding " overruled; then a motion in arrest of judgment, which was also overruled. Exceptions.

The evidence is not in the record, hence the only question before us arises on the motion in arrest.

The appellant urges against the sufficiency of the complaint, that " it does not show that the money was a part of the pro-

ceeds of the sale of the land. For aught that appears in the complaint, the whole of the purchase-money may have been properly applied, and this balance may be part of the personalty."

It nowhere appears in the record that the guardian ever gave any bond to secure the ward in his personalty, or that he was ever in any default in that respect. To come to the conclusion insisted upon by the appellant, we should have to presume that the guardian had given some other bond to secure the ward in his personalty, that personalty came to his hands belonging to his ward, that he was in default in its application, and was indebted to his ward thereby, and that the court, in trying this case, had allowed such indebtedness in the finding. These are scarcely warrantable presumptions. We think the facts alleged in the complaint are stated " in such manner as to enable a person of common understanding to know what was intended," and that there is no fair meaning arising upon its face, or presumption from the facts stated, which will not uphold the finding by the court below.

We need not decide whether the complaint would have been good against a demurrer or otherwise, because there is no such question before us; but we may remark that there are many cases where the complaint could not withstand a demurrer, and yet would be held good after verdict, against a motion in arrest of judgment.

" The verdict ascertains those facts, which before from the inaccuracy of the pleadings might be dubious; since the law will not suppose that a jury, under the inspection of a judge, would find a verdict for the plaintiff or defendant, unless he had proved those circumstances, without which his general allegation is defective. Exceptions, therefore, that are moved in arrest of judgment, must be much more material and glaring than such as will maintain a demurrer ; or, in other words, many inaccuracies and omissions, which would be fatal, if early observed, are cured by a subsequent verdict; and not suffered in the last stage of a cause, to unravel the whole proceedings."
3 Bl. Com. 394; *Roe, ex dem., etc.,* v. *Hersey,* 3 Wilson, 274;

Steph. Pl. 96 ; Gould Pl. 462, 463, 464 ; *Dougherty* v. *Wilson,* 1 Blackf. 478 ; *Nicholson* v. *Carr,* 3 Blackf. 104.

The above authorities support the common law rule of intendment after verdict, as it existed before the statute of jeofails. Our code has enacted the same rule in spirit, and in liberality has even gone beyond the statute of jeofails and amendments. 2 G. & H. 122, sec. 101.

In *The Indianapolis, etc., R. R. Co.* v. *Petty,* 30 Ind. 261, Justice FRAZER, in delivering the opinion of the court, giving interpretation to the above section, says :

"·The code has little toleration for the practice of concealing questions from the lower courts with a view to make them available upon vexatious appeals ; and it is therefore necessary to the harmony of our practice, as a whole, as well as to the fair administration of justice, that the most liberal form of the common law doctrine of intendment after verdict shall be fully maintained."

See, also, *Westfall* v. *Stark,* 24 Ind. 377 ; *Tomlinson* v. *Hamilton,* 27 Ind. 139 ; *Howorth* v. *Scarce,* 29 Ind. 278 ; *Reagan* v. *Fox,* 45 Ind. 8 ; *Vawter* v. *The O. & M. R. R. Co.,* 14 Ind. 174.

Upon the whole record there is no error in the case.

The judgment is affirmed.