EIGENMANN ET AL. *v.* BACKOF.

PLEADING.—*Complaint on Promissory Note.*—*Sufficiency of.*—*Failure to File Copy.*—*Verdict.*—*Supreme Court.*—In an action upon a promissory note, a failure to file a copy thereof with the complaint is ground for demurrer; but, if no demurrer therefor be filed, such defect will be healed by the verdict, and the sufficiency of the complaint can not, for that defect, be called in question, on appeal to the Supreme Court.

From the Spencer Circuit Court.

*G. L. Reinhard* and *E. M. Swan,* for appellants.

*C. L. Wedding,* for appellee.

BIDDLE, J.—Complaint on a promissory note, made by the appellants to the appellee.

Answer: General denial.

Trial by the court; finding for the appellee; motion for a new trial overruled; exception; judgment; appeal.

Assignments of error:

1st. Overruling the motion for a new trial; and,

2d. Insufficiency of the complaint.

No demurrer had been filed to the complaint. The ground alleged against it under the assignment is, that a copy of the note was not filed with it. This is true, although the complaint states that such copy was filed, and would have been good ground for a demurrer; but the defect is healed by the verdict. This point has been

directly settled in the case of *Westfall* v. *Stark*, 24 Ind. 377. The doctrine of common law intendment after verdict, and the construction of section 101, 2 R. S. 1876, p. 83, have been too frequently decided, and the reasons given, to need repeating here. *Tomlinson* v. *Hamilton*, 27 Ind. 139; *Howorth* v. *Scarce*, 29 Ind. 278; *The Indianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261; *Brownlee* v. *Kenneipp*, 41 Ind. 216; *Gander* v. *The State*, 50 Ind. 539. Besides, we have, in the present case, not only the common law intendment and the statute to aid us, but the evidence is all before us, and the first thing we find in it is the promissory note described in the complaint. This proves the wisdom of the common law rule and of the section cited. *Russell* v. *Russell*, 48 Ind. 456.

The appellants also insist that the amount of the finding is excessive. We have examined the evidence in reference to this point, and are of opinion that it fully sustains the finding.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.