Beal *et al. v.* The State, *ex rel.* Beal *et al.*

No. 7841.

BEAL ET AL. *v.* THE STATE, EX REL. BEAL ET AL.

PRACTICE.—*Pleading.*— *Complaint.*—*Verdict.*—*Heirs.*—An omission by heirs, suing on an administrator's bond, to allege in their complaint that they are heirs of the intestate, is cured by a verdict in their favor, when the answer and the evidence fully show the fact.

SAME.—*Venire de Novo.*—Needless particularity in a general verdict in showing the items of principal, interest and exemplary damages, which make up the gross amount found for the plaintiffs, is not sufficient ground for a *venire de novo*.

SAME.—*Evidence.*—*Decedents' Estates.*—*Final Report.*—*Heirship.*—On trial of such action, the administrator's final report, showing plaintiffs' names among those of the heirs entitled to the balance for distribution, with his answer of payment, sufficiently proved their heirship.

SAME.—*Admissions.*—In such case, reports of the administrator, filed but not acted upon, are competent evidence against him as admissions.

SAME.—In such case, testimony tending to prove the amount and kinds of property owned by the deceased immediately before his death, which went into the hands of his son, who had lived with him and was his administrator, was competent to go to the jury.

SAME.—In such case, testimony of one to whom the deceased had sold land, tending to prove that he had paid the consideration, and that the deed had not been recorded, but had been secreted by the administrator to enable him the better to claim title in himself, and that the consideration had been repaid to him out of the assets of the estate, was competent, and properly admitted.

From the Madison Circuit Court.

*C. D. Thompson, J. W. Sansberry, M. S. Robinson* and *J. W. Lovett,* for appellants.

*H. D. Thompson* and *C. L. Henry,* for appellees.

FRANKLIN, C.—This was an action brought by appellees, as heirs of John Beal, against appellants, on the administrator's bond of Emsley J. Beal as principal, and his co-appellants as sureties ; answer and reply filed, without any demurrers ; trial by jury, verdict and judgment for appellees.

Appellants have assigned the following errors :

1st. The complaint does not state facts sufficient to constitute a cause of action.

2d. The court erred in overruling appellants' motion for a *venire de novo*.

3d. The court erred in overruling appellants' motion for a new trial.

The only objection made to the complaint is, that it does not aver that appellees are the heirs of John Beal, deceased. There are many objections which might be made available in the court below by demurrer or motion, which, when omitted to be done, the remedy is lost. *The Indianapolis, etc., R. R. Co. v. Petty*, 30 Ind. 261; *Gander* v. *The State*, 50 Ind. 539; *Alford* v. *Baker*, 53 Ind. 279; *Eigenmann* v. *Backof*, 56 Ind. 594; *Donellan* v. *Hardy*, 57 Ind. 393.

In the case first above cited, Judge FRAZER, in delivering the opinion of the court, says: "The code has little toleration for the practice of concealing questions from the lower courts with a view to make them available upon vexatious appeals; and it is therefore necessary to the harmony of our practice, as a whole, as well as to the fair administration of justice, that the most liberal form of the common law doctrine of intendment after verdict shall be fully maintained."

And Judge HOWK, in delivering the opinion of the court in the last case cited, says: "If we should find that the verdict of the jury was sustained by sufficient evidence, and that there were no errors of law occurring at the trial and excepted to, we would be bound to hold that such verdict cured all the alleged defects in the complaint, for the reason that sufficient facts were stated in the complaint to render the judgment thereon a complete bar to any other suit for the same cause of action." *Field* v. *Burton*, 71 Ind. 380.

The principle contained in said first case cited was approvingly quoted in the case of *Gander* v. *The State*, 50 Ind. 539, and it can not be too often repeated. Under the operation of sec. 101, 2 R. S. 1876, p. 83, and the decisions of this court in pursuance thereof, this objection, first raised in this court, comes too late. It has been

waived by not having made it prior to the verdict. The answer of appellants, and the evidence upon the trial, fully show that appellees were the heirs of John Beal, deceased, and this adjudication would certainly bar appellees from bringing another suit upon the same cause of action.

The second error assigned is the overruling of the motion for a *venire de novo*. This is based upon a supposed defect in the verdict, which reads as follows: "We, the jury, find for the plaintiffs, and assess their damages at one thousand five hundred and twenty-eight dollars, and interest thereon in the sum of one hundred and eighty-nine dollars and forty-eight cents, and we assess exemplary damages in the sum of five dollars, and ten per cent. on said sum, making a sum total of two thousand one hundred and twenty-nine dollars and twenty cents ($2,129.20), for which amount we find for the plaintiffs." Plaintiffs remitted $234.48 of the verdict, and judgment was rendered for the residue. We see no difficulty in giving a proper judgment upon this verdict. The jury were only a little more particular than they need have been in informing the court as to what the gross amount found by them was based upon. There is no uncertainty, ambiguity or inconsistency in what they found upon, or as to the amount, and their particularity does not render bad the general finding. *Brickley* v. *Weghorn*, 71 Ind. 497; *Dehority* v. *Nelson*, 56 Ind. 414; *Whitworth* v. *Ballard*, 56 Ind. 278; *Bosseker* v. *Cramer*, 18 Ind. 44. We see no error in overruling the motion for a *venire de novo*.

The third and last error complained of is the overruling of the motion for a new trial. The first reason for a new trial was, that the verdict is not sustained by sufficient evidence. The only point made by counsel for appellants, under this reason, is, that the evidence does not sufficiently prove that the relators were heirs of the deceased. The final settlement report of the administrator, which was filed in court and given in evidence on the trial of this cause,

states the balance for distribution among the heirs, gives the name of each one of the heirs, and the distributive share to each, among which the relators are named. The answer of payment, and the evidence in support thereof, together with the admissions and declarations in the final settlement report filed by the administrator, sufficiently proved the heirship of the relators.

The next reason for a new trial insisted upon by appellants is, that the court erred in admitting incompetent and irrelevant testimony. They objected and excepted to the reading of the deposition of William A. Thompson. The proof shows that, sometime before the death of the ancestor of relators, he had sold a small fraction out of a tract of land to said Thompson; that Thompson had paid him for it, and he had made Thompson a deed for it; that, after the deed was delivered to Thompson, without its being recorded, the ancestor or administrator again got possession of it, and the administrator claimed to have found the deed among deceased's papers, but secreted the same; that the administrator (being a son of deceased) had afterward claimed to have bought, in the lifetime of deceased, the tract of land, without any reservation of the fraction sold to Thompson; that Thompson sold and deeded the fraction to a third party, and he to a fourth. The fourth party discovered the defect in the record title, and, upon the breach of Thompson's warranty deed, collected the consideration money, with interest. Thompson then filed a claim against deceased's estate for indemnity, and the administrator, instead of defending the claim, in order to hold the title to the land in himself, suppressed the deed to Thompson, and permitted the claim, in the sum of $400, to be allowed against the estate, and he paid the same out of the assets of the estate. Thompson's deposition was upon the subject that he had purchased the fraction, paid the money, and had received a deed for it,

but had never had it recorded. We think this was competent testimony and properly admitted.

Appellants' next objection to the admission of testimony was as to the admission in evidence of the reports of the administrator, which, as such, he had filed in court. Although these reports had never been acted upon by the court, except the final settlement, yet they were competent as admissions of the administrator in relation to the disposition and management of the assets of the estate. There was no error in admitting them as evidence for the plaintiffs.

The testimony of John W. Wilson is also objected to. This testimony was upon the subject of the amount and kinds of property the deceased owned immediately before his death, and at the time the administrator moved to the farm where the old man lived, and took possession, control and management of the property of his father. The proof shows that he moved there some three or four months before the old gentleman's death, and from that time took the management of his affairs, and renewed some of his father's notes in his own name. We think this testimony tended to show what property went into the hands of the administrator, and was competent to go to the jury, leaving them to determine how much weight should be given to it.

No point or argument has been made by appellants upon the instructions of the court to the jury, or any of the other reasons for a new trial. They will therefore be considered as waived. We see no available error in this record. The judgment of the court below ought to be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, with costs.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.