JOHN McGUIRE ET AL. v. THE STATE.

(No. 2979.)

ERROR from Bee County.   Opinion by WHITE, P. J.

JOHN W. FLOURNOY and R. B. MINER, counsel for appellants.

No counsel appeared for appellee.

§ 229. *Liquor dealer's bond; suit upon, for penalty for breach of; sale of liquor to minor; constitutionality of the liquor bond law; charges of the court held erroneous; case stated.*   This suit was filed by W. S. Dugat, county attorney of Bee county, Texas, in the name of the state of Texas, for the use and benefit of Bee county, on April 15, 1889, to recover of John McGuire as principal, and A. Ulderman and Gus Levy as sureties, on a retail liquor dealer's bond, under the act of March 29, 1887, the penal sum of $500, for selling intoxicating liquor to Joe Glass, a minor. The defendants answered, pleading general and special exceptions and general denial, and the defendant John McGuire further specially answered that, if he sold whisky to the said Joe Glass, he did not at the time know that the said Joe Glass was under the age of twenty-one years. On the contrary, he avers that at the time of said sale to the said Joseph, he (the said Joseph) informed said McGuire that he was twenty-two years old, and defendant had no reason to doubt his statement. The case

was tried May 10, 1889, before a jury, and resulted in a verdict for the plaintiff for the penal sum of $500, and thereupon judgment was entered in favor of the plaintiff for the sum of $500, as a penalty, from which the defendants appeal for a reversal of said judgment upon several assignments of error. The action was predicated upon the provisions of section 4 of the act of March 29, 1887, entitled "An act regulating the sale of spirituous and other intoxicating liquors." [Gen. Laws 1887, pp. 59, 60.]

Two supposed fundamental errors (not assigned) are insisted upon: (1) That the act is unconstitutional and void, in that the condition required in the liquor dealer's bond, with regard to sales to minors, students and habitual drunkards, is oppressive and unjust, and denies to such liquor dealer the equal protection of the laws, in that it places such dealer at the mercy of unscrupulous persons who may take advantage of such act to deceive him as to the fact of minority, habitual drunkenness or being a student, and thus recover damages of such liquor dealer. (2) That said act is unconstitutional and void, in requiring as a condition of said bond that the dealer will not sell spirituous liquors to any person after having been notified in writing by the wife, mother, daughter or sister of the person not to sell to such person, because such condition deprives the person who may be thus precluded from purchasing liquor at retail of his liberty, privileges and immunities without due process of law, and without due course of the law of the land.

We do not propose to discuss these propositions. Similar questions as to the constitutionality of the act have been heretofore raised in this court, and the act held to be constitutional. [See Bell v. State, 28 Tex. App. 96; Ex parte Bell, 24 Tex. App. 428; and Goldsticker v. Ford, 62 Tex. 385, where the penalty recovered upon a statute in every material respect identical was sustained by our supreme court.]

The first assignment of error complains that the court

erred in the fourth paragraph of its charge to the jury, which is as follows: "If you believe from the evidence that Joe Glass, a minor, applied to said McGuire to purchase whisky, and that said Glass was only sixteen years of age, and had the physical appearance of a youth of sixteen or eighteen years of age, then you are instructed that McGuire was bound to use all the means easily accessible to him to ascertain whether said Glass was of full age or not, and to simply ask the said Glass if he was twenty-one years of age would not be the diligence required by law under the circumstances above stated;" which charge, it is insisted, invades the province of the jury, and is upon the weight of the evidence. In Goetz v. State, 41 Ind. 165, it was held that the fact that the minor told the accused he was of age was not sufficient evidence to justify a *bona fide* belief of his right to make the sale. Abstractly considered, the charge is doubtless the law, but, as submitted, it was unquestionably upon the weight of evidence. The court could not tell the jury that any fact would or would not be diligence. What facts would or would not constitute reasonable diligence was for the jury, and not for the court, to determine. This assignment of error is well taken.

We are also of opinion the court erred in the following portion of the fifth paragraph of its charge to the jury, to wit: "If you believe from the appearance of Joe Glass, as seen by you in person, and from the evidence introduced, that he has the appearance of a man, or at least as being near twenty-one years of age," etc., "you will find for the defendant,"— because the appearance of the said Glass at the time of trial was not at issue, and the jury should not have been instructed to judge of the appearance of the said Glass as seen by them in person; because the circumstances under which he was seen by the jury in person were entirely different from those under which he was seen by the defendant McGuire when the whisky was sold; and because the personal appearance of Glass,

as seen by the jury in person, cannot be put in the record, and be judged of on appeal. In deciding the case, the court or jury cannot look at the personal appearance of the alleged minor who may be before them. [Ihinger v. State, 53 Ind. 251; Robinius v. State, 63 Ind. 235.] The age, appearance, etc., of the minor might very properly be shown [Koblenschlag v. State, 23 Tex. App. 264; Garner v. State, 28 Tex. App. 561], but it must be proved by the evidence of witnesses who have seen and known him, and are capable of testifying to such matter.

March 14, 1891.          Reversed and remanded.

DAVIDSON, J., being disqualified, did not sit in this case.