May Term,
1859.

PRICE
v.
THE GRAND
RAPIDS, &C.,
RAILRO'D CO.

PRICE *v.* THE GRAND RAPIDS AND INDIANA RAILROAD
COMPANY.*

ASKEY *v.* THE SAME.

The rule that when a pleading is founded upon a written instrument, the origi-
nal, or a copy thereof, must be filed with the pleading, is imperative.

Thus, if a complaint founded upon a written instrument fail to aver that a
copy has been filed, it cannot be assumed that it sets forth a sufficient cause
of action; and the defect may be reached upon demurrer to the answer.

Where the charter of a corporation contains no special provision upon the
subject, less than a majority of the board of directors have no power to
transact business. Their acts are absolutely void, and the corporation can-
not ratify them.

The law under which the company organized, and orders purporting to have
been made by the board of directors, being in evidence, parol evidence may
be admitted to show that a majority of the directors was not present when
the orders were made.

APPEAL from the *Lagrange* Court of Common Pleas.

DAVISON, J.—The complaint alleges that *Price*, who was
the defendant, on the 1st of *October*, 1854, subscribed and
promised to pay for forty shares of the capital stock of
said company, in such manner and at such times as the
directors might require; and that the directors did require
the payment for said stock to be made by installments of
10 per cent. a month, commencing on the 1st of *March*,
1855; of which requisition the defendant has had due no-
tice, but has neglected and absolutely refused to pay the
same, although six installments were due at the com-
mencement of this suit, amounting to 600 dollars, for
which judgment is demanded, &c.

Defendant's answer contains eleven special defenses, and
a general denial. Issues were made on the first and tenth.
The first avers that the subscription was obtained from
the defendant by the fraud of the plaintiffs; and the tenth
alleges "that plaintiffs have never fixed any time when the
subscription, or any part thereof, should be paid; nor have

---

* A petition for a rehearing of this case was filed on the 19th of *July*, and
overruled on the 8th of *November*.

they designated a place where it should be paid, or given defendant notice when and where to pay it; and that at the time the subscription was made, the office of the company was in this state, but before it was possible to pay the subscription, their office was removed out of the state, and has remained out of the state ever since."

May Term,
1859.

PRICE
v.
THE GRAND
RAPIDS, &c.,
RAILRO'D Co.

To the second defense, the plaintiffs replied by a general traverse; and to the tenth "that they did fix a time for the payment of the subscription in regular installments, according to the statute," &c.

To the other paragraphs demurrers were sustained. The issues were submitted to a jury, who found for the plaintiffs 560 dollars. New trial refused and judgment, &c.

The complaint is alleged to be defective, because it makes no reference to any written contract of subscription; and that that defect, being material, is available upon the demurrers to the answer.

It is enacted that "when any pleading is founded on a written instrument or an account, the original, or a copy thereof, must be filed with the pleading." 2 R. S. p. 44, § 78. This rule seems to be imperative; the original instrument, or a copy, must be filed; and it seems to us that an averment in the complaint that such has been filed, is essential to the validity of that pleading. Under the former system of procedure, it was sufficient for the pleader to set forth the written contract sued on, according to its legal effect and operation. 1 Chit. Pl. 305.—8 Cow. 34.— 2 Hill, 274. This is also a requirement of the new code. 2 R. S. p. 37, § 49. But, in addition, the code requires that the contract should, in the first instance, be laid before the Court, and thus be placed in reach of the defendant at the earliest stage of the proceedings. The instrument in suit, or a copy of it, must be filed when the pleading is filed, and unless the fact that that has been done appears on the face of the complaint, it cannot be assumed that the pleading sets forth "a sufficient cause of action." In this instance, the complaint is obviously defective, because it not only omits to say that the contract, or a copy of it, was filed, but fails to allege it in accordance with its legal

effect. And the result is, the pleading being thus defective, its defectiveness may be well reached upon the demurrers to the answer. Acts of 1855, p. 60.—*Bolster* v. *Catterlin,* 10 Ind. R. 117.

The evidence shows that the company organized under the general railroad law, in *January,* 1854; and in *October* of the same year, the directors resolved "That an assessment of 10 per centum per month be and is hereby made on all unclosed subscriptions to the capital stock of the company, and that the same be demanded and collected by the proper officers." This resolution, with other orders of the directors, being in evidence, the defendant offered to prove by a witness on the stand, that all the orders purporting to have been passed by the directors, and read in evidence to the jury, were passed and approved by three directors only, and when three, and no more, were present and in session; but his offer was refused, and he excepted.

The law under which the company organized fixes the number of directors at not less than seven, nor more than thirteen. But there is a subsequent statute which says that the stockholders may, at any of their meetings, determine that the number of directors shall consist of not more than thirteen, nor less than five. 1 R. S. p. 410, § 4. —*Id.,* p. 423, § 2. The record shows that the company, when it originally organized, appointed thirteen directors; but what the number was when the orders were passed is not shown.

There being no special provision on the subject, less than a majority of all the directors who compose the board have no power to transact the business of the company. 2 Kent's Comm. 293.—Ang. and Ames on Corp., pp. 519, 520, §§ 501, 502.—Redf. on Railw., p. 20, note 7. In view of this rule, if three directors only were present when the orders were passed, they not constituting a majority of the board, the orders were inoperative. And we perceive no reason why the proposed evidence should not have been admitted. It is true, the defendant might, in the first instance, have proved the actual number composing the board, and then shown that three, the number

present, were not a majority. But we have often decided that a party may prove the various facts of his case in the order which he prefers. *Hadden* v. *Johnson*, 7 Ind. R. 394. —*Piatt* v. *Dawes*, 10 *id.* 60.

It is, however, insisted, that "if, in point of fact, a minority of the board of directors had made the orders, they were ratified by the whole board and by the corporation in publishing the notice, bringing this suit, and by special demand," &c. We are not inclined to favor this position. The orders, if passed by a minority, were absolutely void, because there was a defect of power. And the rule seems to be, that a void act is not susceptible of ratification. Story on Agency, §§ 240, 241.—5 Ind. R. 353.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Ellison*, for the appellants.

*J. B. Howe*, for the appellees.