McClasky *v.* The Grand Rapids and Indiana Railroad Company.

Suit upon a subscription of stock. The complaint made no reference to any written contract of subscription, and did not aver any assessment or call by the directors.

*Held,* that the complaint did not show a good cause of action.

Tuesday, May 28.

APPEAL from the *La Grange* Common Pleas.

*Per Curiam.*—The complaint in this case charges that the appellant, who was the defendant, on *February* 25, 1854, subscribed $500, it being twenty shares, of the capital stock of said railroad company, payable in such manner and proportion, and at such times, as the president and directors of the company might direct; "that defendant reserved the privilege of designating the kind of property in which he would pay the amount subscribed, and though often requested, &c., has failed to make such designation or pay said sum; to the plaintiff's damages, $600, for which she demands judgment," &c.

Defendant's answer contains nine paragraphs. To the first, second, third, fourth, fifth and sixth, demurrers were sustained. The other defenses led to issues of fact. There was a verdict for the plaintiff, upon which the Court, over a motion for a new trial, rendered judgment.

The complaint is alleged to be defective because it makes no reference to any written contract of subscription; nor does it aver that any assessment or call had been made by the

directors. These objections seem to be well taken; and the defects in the complaint thus pointed out, being material, are no doubt available upon the demurrers to the answer. *Price* v. *The Grand Rapids, &c. Railroad Co.*, 13 Ind. 58; *Ross* v. *The Lafayette, &c. Railroad Co.*, 6 *id.* 297; *Gebhart* v. *The Junction Railroad Company*, 12 *id.* 484; *Bolster* v. *Catterlino*, 1 *id.* 117. Upon these decisions the judgment must be reversed.

The judgment is reversed, with costs. Cause remanded, &c.

*A. Ellison*, for the appellant.