Reveal v. Conner et al.

---

### REVEAL v. CONNER *et al.*

PLEADING—PRACTICE.—The statute which requires, that "when any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading," is imperative. 2 G. & H. 104, § 78. And, if a complaint is defective in this particular, it will be demurrable, and, if not demurred to, and a verdict is rendered thereon in favor of the plaintiff, yet judgment can not be rendered in his favor over a motion in arrest, and, if neither a demurrer nor a motion in arrest is interposed, still, the error will be available in this Court on appeal. 2 G. & H. 77, § 50; *id.* 81, § 54.

APPEAL from the *Hamilton* Common Pleas.

HANNA, J.—Suit against appellant and two others, charged as makers of a promissory note. Appellant answered in denial. Trial, finding and judgment for the plaintiffs, over a motion for a new trial and in arrest.

There is but one point made in the brief of appellant, and that is, that the judgment should have been arrested, because

Reveal v. Conner et al.

the complaint was insufficient, in this, that neither the note nor a copy thereof was filed therewith; nor was it averred that a presentation of said note had been made, it being payable in bank.

So far as the complaint discloses, there is nothing showing that said *Reveal* should have been charged in any capacity, other than as a maker. But we have a statute as follows: "When any pleading is founded on a written instrument, or on account, the original, or a copy thereof, must be filed with the pleading." 2 G. & H. 104. It has been repeatedly held, that this statute is imperative, and that it can not be said that the complaint contains a sufficient cause of action, unless it is complied with. *Price* v. *The Grand Rapids, &c.*, 13 Ind. 58; *Kiser* v. *The State, id.* 80; *Hillis* v. *Wilson, id.* 146; 14 *id.* 106; 12 *id.* 352. Such a pleading is, therefore, subject to demurrer. We are now asked to determine whether it is good after verdict, in an instance where no demurrer has been filed.

Under the code of 1852, 2 G. & H. p. 80, sec. 50, subdivision 5, a complaint is subject to demurrer, for the reason that it "does not state facts sufficient to constitute a cause of action," and by section 54, "when any of the matters enumerated in section 50 do not appear upon the face of the complaint, the objection (except for misjoinder of causes,) may be taken by answer. If no such objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the Court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action." This latter part was added by an amendment, in 1855. Under this, it has been often held, that the objection, last above named, may be made on appeal, although not raised in the Court below. *Bolster* v. *Catterlin*, 10 Ind. 117; *Bleckledge* v. *Benidick*, 12 *id.* 389.

The code also (2 G. & H. p. 218, sec. 372,) provides, that, "when, upon the statements in the pleading, one party is entitled, by law, to judgment in his favor, judgment shall be so rendered by the Court, though a verdict has been found against such party." Under this, it has been held, that a motion, in the form of a motion in arrest of judgment, would lie in a proper case. *The Indianapolis, &c., Co.* v. *Davis,* 10 Ind. 398. That is, when there was no cause of action stated in the complaint.

Now, although it may be true, that a complaint may be sufficient to bar another suit on the same cause of action, and, for that and other apparently sufficient reasons, might formerly have been held good after verdict, yet, as the Legislature has seen proper to make it imperative, that in cases, similar to the one at bar, the note, or a copy, shall be filed with the complaint, we can do nothing more than carry out that expression of the legislative will, by holding that the statute shall be complied with, and, if not, that a judgment can not be rendered where a motion in arrest is interposed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*D. Moss,* for the appellant.