## WESTFALL *v.* STARK.

A mortgagee having filed a complaint against the mortgagor for foreclosure, and having purchased the mortgaged premises under the judgment, afterward filed his complaint against A and B, alleging the legal title to be in A, who had executed a title bond therefor to B, who had executed a title bond therefor to the mortgagor; that the purchase money had been paid to A, and that the plaintiff "was entitled to a conveyance in fee simple." The complaint also alleged that the plaintiff, when he received the mortgage, believed that the mortgagor had a good title, &c.

*Held*, that the plaintiff ought to have filed a copy of each of said title bonds with his complaint, but that the omission was cured by verdict, and that a motion in arrest of judgment would not lie.

*Held*, also, that the averment that the plaintiff was entitled to a conveyance of the land in fee simple, though defective, as alleging rather a conclusion of law than facts, was sufficient, after verdict, to support evidence from which such conclusion might have been drawn.

*Reveal* v. *O'Conner*, 21 Ind. 289, overruled.

APPEAL from the *Wayne* Circuit Court.

ABSTRACT.

The appellant was the plaintiff below. After a trial and finding for him in the Circuit Court, the judgment was arrested on motion of the appellee. The sustaining of this motion is the only error assigned.

The judgment was arrested for a supposed insufficiency of the complaint. The complaint is for a deed, and charges• that in *June*, 1858, *Wilson Stark* and wife, who were made parties, conveyed the land to plaintiff by way of mortgage, to secure the payment of $1,800, due plaintiff from *Stark*; that plaintiff accepted the mortgage in good faith, believing said *Stark* had a good title thereto; that at the *July* term, 1859, of the *Vigo* Court of Common Pleas, plaintiff foreclosed the mortgage; that an order of sale was issued on the decree, by virtue of which the sheriff, on the 7th day of *September*, 1859, sold and conveyed the land to plaintiff; that after the sale, plaintiff discovered that *Wilson Stark* held the land by a

title bond executed to him by the defendant *Simpson Stark;* that the legal title was in *Jacob Ernest,* who was made defendant, and that *Ernest* had executed a title bond for the lands to *Simpson Stark,* who had paid to him the full purchase money, and *Wilson Stark* had paid *Simpson Stark* all, or nearly all, the purchase money. There was also an allegation, by way of amendment, that *Simpson Stark* had advanced the lands to *Wilson Stark,* who was his son, and put him in possession, and that he had made valuable improvements. The complaint was all in one paragraph, and the prayer was for a conveyance from *Ernest.*

There was no demurrer to the complaint, nor any motion to strike out or separate the complaint.

The answer was, first, a general denial; second, an argumentative denial, or matter amounting to such, to which there was a reply in denial. There was a third answer, which set up that the land had been conveyed to a third person since the commencement of the suit. This was held bad on demurrer.

RAY, J.—The appellee insists that the motion in arrest was properly sustained, because a copy of the title bonds from *Ernest* to *Simpson Stark,* and from *Simpson Stark* to *Wilson Stark,* were not filed with the complaint. These bonds, he insists, are, in part, the foundation of the suit. This position is, in our opinion, correct. The claim of appellant is that he is equitably invested with the title held by *Wilson Stark,* by virtue of the mortgage executed to him by said *Wilson,* and the foreclosure of the same, and sale and conveyance of the property to him by the sheriff. It would then rest upon the appellant to show, by averment in his complaint, that *Wilson Stark* was entitled to a deed from *Simpson Stark,* and that *Simpson Stark* was in a position to demand and enforce a conveyance from *Ernest.* If *Wilson Stark* were attempting to enforce a deed from his co-defendant, *Ernest,* by virtue of the title bonds from *Ernest* to *Simpson Stark,* and from *Simpson Stark* to him,

there can be no question that the title bonds would be the foundation of his action, and that copies of them should be filed with the complaint, or proper averments made excusing such copies, and showing that, by the terms of the bonds, he was entitled to enforce a deed from the obligors. The averments showing appellant to have equitably acquired the title of *Wilson Stark*, furnish no cause of action against the other defendants, and, as to them, his claim rests upon the promise to convey contained in the bonds. Those instruments, therefore, constitute the foundation of his action against those defendants. It has been heretofore held by this court, that advantage might be taken by demurrer, of the omission to file a copy of the written instrument which is the foundation of the action, and we have followed the ruling, although, had it been presented to us, as the court is now constituted, as an undecided question, we should have hesitated before holding that the defect could have been reached otherwise than by a motion to require the filing of the copy. It seemed, however, to present simply a question of practice, involving no substantial right, and having been long settled, we did not feel it our duty to disturb the decisions placing it at rest. When, however, we are called upon to follow up these decisions, and, upon the reasoning on which they rest, to hold that advantage may be taken of the defect, which is but matter of form, to arrest the judgment on motion, where the averments of the complaint are sufficient, although informal, to authorize the introduction of proof which would sustain the verdict, and where a verdict has been reached upon the merits, we cannot say that substantial rights are not involved in the decision. The averments in the complaint, in this case, are not formal, but they are sufficient to authorize the introduction of all the evidence necessary to support the verdict obtained for the plaintiff below. The averment that the appellee "is entitled to a conveyance of the fee thereof from said *Ernest*," although a conclusion of law, rather than an averment of facts, still authorized the

introduction of the evidence to show the facts from which such a conclusion might be reached. The verdict will cure the defective averment. The rule is stated thus: "If the pleadings of the party for whom a verdict has been found are faulty, in omitting some particular fact or circumstance, without which he ought not to have judgment, *but which is, nevertheless, implied in, or inferrible from,* the findings of those facts which are expressly alleged and found, the pleading is aided, (because the omission is supplied,) by the *verdict.* In other words, the court, in such a case, must *presume* that the fact or circumstance omitted was *proved to the jury.*" Gould's Plead., ch. 10, § 12.

Lord MANSFIELD, in the case of *Rushton* v. *Aspinall,* stated the rule to the following effect: "Where the *statement* of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor; because, to entitle him to recover, all *circumstances* necessary, in form or substance, to complete *the title* so imperfectly stated, must be proved at the trial, and it is, therefore, a fair presumption that they were proved." In this view of the question, we regard the ruling of the court sustaining the motion in arrest of judgment as erroneous. This conclusion being in conflict with the ruling in the case of *Reveal* v. *Conner et al.,* 21 Ind. 289, that decision is overruled.

The judgment is reversed, and the cause remanded, with instructions to render judgment upon the verdict for the plaintiff. Costs against the appellee.

*J. P. Baird,* for appellant.

*Smith & Mack,* for appellee.