## ALSPAUGH *v.* THE BEN FRANKLIN DRAINING ASSOCIATION.

BILL OF EXCEPTIONS.—*Motion to Dismiss.*—The action of a court in overruling a motion to dismiss an action will not be reviewed by the Supreme Court, where there is no bill of exceptions showing the ground of the motion or of the ruling of the court.

DRAINING ASSOCIATION.—*Pleading.*—In an action by a draining association to recover the amount of an assessment on lands for the construction of a drain, and to enforce it as a lien, the complaint must contain the original assessment or a copy thereof.

From the Clinton Circuit Court.

*L. McClurg* and *J. N. Sims*, for appellant.

*H. Y. Morrison, J. V. Kent, D. S. Holman* and *J. W. Morrison*, for appellee.

DOWNEY, J.—This action was brought by the appellee against the appellant, to recover the amount of an assessment made in favor of the appellee against the lands of the appellant, for the construction of the drain of said association, and to enforce the same as a lien against the lands on which it was made. Issue was formed; there was a trial by the court, a finding for the plaintiff, and judgment for the amount of the finding and for the enforcement of the lien.

Errors are assigned as follows:

1. Overruling a motion to dismiss the action.

2. Overruling the demurrer of the defendant to the amended complaint.

We can find no error in the action of the court in over-

ruling the motion to dismiss the action. There is no bill of exceptions showing the ground on which the motion was made, or on which the court acted in overruling it. Cases to this effect need not be cited.

The demurrer to the complaint was on the ground that it did not state facts sufficient to constitute a cause of action.

The judgment must be reversed on this assignment of error. The complaint alleges that a copy of the assessment is filed with it, but the copy does not so appear in the record. It was held in *West* v. *The Bullskin Prairie Ditching Co.*, 19 Ind. 458, that the complaint should contain the original or a copy of the assessment; and see *The Excelsior Draining Co.* v. *Brown*, 38 Ind. 384, as to what need not be filed with the complaint.

We think there may be other objections to the complaint. We suggest, without deciding, this question: As by the act of March 10th, 1873, Acts of 1873, p. 165, sec. 28, the act of 1869, found in 3 Ind. Stat. 222, and that of February 23d, 1871, Acts of 1871, p. 11, were repealed, without any saving clause, and as this repeal was prior to the filing of the amended complaint in this case, can the company now collect the assessments in question, conceding that they were regularly made? See *Roush* v. *Morrison*, 47 Ind. 414.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.