Donellan *et al. v.* Hardy.

---

## DONELLAN ET AL. *v.* HARDY.

57 393
142 661

57 393
152 457

57 393
166 607

SUPREME COURT.—*Pleading, Sufficiency of.*—*Failure to Object Below.*—*Defects Cured by Verdict.*—Where no objection by demurrer, motion to make specific or motion in arrest is presented to a complaint which, though defective in some of its averments, states facts sufficient to render a judgment thereon a bar to another action, such defects are cured by the verdict, and can not be presented to the Supreme Court by an assignment of error that the complaint is insufficient.

EVIDENCE.—*Judgment of Supreme Court.*—*Indiana Reports.*—The printed report of a decision of the Supreme Court, issued by authority of law, is not competent original evidence of a judgment rendered by such court in any cause.

SAME.—*Proving Judgment of Supreme Court.*—*How.*—The judgment rendered by the Supreme Court in the decision of a cause may be proved by a transcript of such judgment, properly attested by the clerk of such court, under the seal thereof, or by the record of such transcript in the order book of the court from which such cause was appealed, where the same has been certified down according to law.

SAME.—*Secondary Evidence.*—Secondary evidence of a judgment rendered by the Supreme Court can not be admitted without evidence of the destruction of the record of such judgment in said court.

SAME.—*Petition for Rehearing Overruled.*—*Notice.*—The fact that a petition for a rehearing of a cause decided by the Supreme Court has been overruled can not be proved by a notice of that fact, given by the clerk of such court to the clerk of the court from which such cause was appealed.

Donellan *et al. v.* Hardy.

SAME.—*Partnership.—Individual Debts of Partner.—Levy on Partnership Property.—Injunction.—Judgment.—Receiver.—Estoppel.*—An execution creditor of an individual member of a copartnership, having caused property of such copartnership to be levied on by an officer, to satisfy his debt, was, together with such officer, on application of another partner, temporarily enjoined from making sale until the partnership debts had been paid, and directed to deliver such property to a receiver appointed in such proceeding to settle the partnership affairs. On appeal by such creditor alone to the Supreme Court, such injunction was reversed as to him, and the cause remanded for further proceedings. Such receiver having subsequently sold such property and reported a distribution of the proceeds of the sale to the partnership creditors, such execution creditor instituted an action against such copartner and his surety, on the bond executed by them to procure such injunction, to recover damages resulting therefrom. *Held,* that, no reversal of such injunction having been obtained as to such officer, or as to the appointment of such receiver, and such creditor having continued to be a party to such action, resulting in the sale of such property and the distribution of the proceeds thereof, the judgment therein rendered after such reversal, the reports of such sale by the receiver, and the approval thereof by the court, were competent evidence against, and bound, him.

SAME.—*Interest of Individual Creditor in Partnership Property.—Levy.—Lien.*—By the levy of his execution upon partnership property, the creditor of an individual partner acquires no interest whatever in the property itself, but only a lien for the share of such partner, individually, in the surplus remaining after all partnership debts and prior liens shall have been paid.

From the Madison Circuit Court.

*J. A. Harrison,* for appellants.

*W. R. Pierse* and *H. D. Thompson,* for appellee.

HOWK, J.—In this action, the appellee was plaintiff, and the appellants were defendants, in the court below.

In his complaint, the appellee alleged, in substance, that on the 10th day of August, 1868, in the court below, he had recovered a judgment against one Leonard Harriman for the sum of six hundred and seventy-three dollars and sixty cents, and costs of suit taxed at six dollars and sixty-five cents, which judgment remained unpaid, unreversed, and in full force; that on the 27th day of February, 1869, there was in the hands of the sheriff of Madison county, Indiana, to be executed by him, an execution issued

on said judgment, out of the clerk's office of said court, which execution was on said day levied by said sheriff upon personal property, owned by said execution defendant and the appellant Donellan, and held by them as partners; that on said last-named day they obtained an order from the judge of said court, restraining and enjoining said sheriff and the appellee from in any wise selling or disposing of said property so levied upon, and from selling the same on said execution; that, to procure said order and injunction, and pursuant to the statute in such case provided, the appellants executed their writing obligatory, a copy of which was filed with said complaint, whereby the appellants undertook and bound themselves to pay to the appellee all damages he might sustain, if such restraining order and injunction should be wrongful; that said property, so held and owned by said firm of Harriman & Donellan, in said county, at the date of said bond, and which was subject to said execution, was of the value of twelve hundred dollars, and that the property levied on by said sheriff, by virtue of said execution, was of the value of twelve hundred dollars; that, by virtue of said injunction and restraining order, the said sheriff was compelled to, and did, surrender up the property so levied on by him, and he did release his said levy; and that said property, under said order of said court, had been disposed of and removed beyond the reach of said sheriff, or the sheriff of said county; that said Harriman had become, and was, wholly insolvent, and there was no property of said firm of Harriman & Donellan, out of which any part of appellee's said judgment could be made; that the appellee appealed from said restraining order of said court to the Supreme Court of this State, and that, by the judgment of said Supreme Court, rendered in said cause on January 30th, 1871, the said restraining order of the judge of the court below was in all things reversed and held for naught; and the appellee said, that by means of the premises he

had sustained damages in the sum of one thousand dollars, for which and for other proper relief he demanded judgment.

To this complaint, the appellants jointly answered in five paragraphs, as follows:

First. A general denial.

Second. In the second paragraph of their answer, the appellants alleged, in substance, that at the time of the said supposed and pretended levy, by said sheriff, upon the said property of the said firm of Harriman & Donellan, of the said value of twelve hundred dollars, the said firm of Harriman & Donellan was justly indebted to the First National Bank of Anderson, Indiana, in the sum of fifteen hundred dollars, upon promissory notes executed by said firm, and to other persons in the sum of two thousand dollars, all of which was justly due from, and owing by, said firm; that an action was brought and prosecuted by said First National Bank thereon, and judgment rendered against said firm, in the Madison Common Pleas Court, on the 26th day of June, 1869, for one thousand six hundred and thirty-nine dollars and sixty cents; and the appellants averred, that every part and parcel of said property had been applied in payment of the debts of said firm, and was insufficient to satisfy the said debts, and that a large amount of the debts of said firm yet remained unpaid; and that the actual interest of said Harriman in said property, at the time of said supposed levy, was of no value whatever. Wherefore appellee had not been injured by reason of said restraining order.

Third. In the third paragraph of their answer, the appellants alleged, in substance, that, at the time of the said supposed and pretended levy upon the said property of the said firm of Harriman & Donellan, said firm was largely indebted, as a firm, to wit, in the sum of thirty-five hundred dollars; that said partnership property was not sufficient to pay said partnership debts, and that the

Donellan *et al. v.* Hardy.

actual interest of said Leonard Harriman in said partner-
ship property was of no value whatever.

Fourth. The appellants alleged, in substance, in the
fourth paragraph of their answer, that, after the making
of the said supposed levy by said sheriff, as set forth in
appellee's complaint, the appellant Nelson Donellan com-
menced an action, in the court below, for an accounting
and final settlement of the matters of said firm, and dis-
tribution of its assets among the several parties, according
to their respective equities, to which action he made the
appellee a party defendant; that, in said action, an ac-
counting was ordered, and John W. Westerfield was
appointed a receiver, and all the effects of said firm were
placed in the hands of said receiver by the decree of said
court, at its —— term, 1871, which judgment and decree
remained in full force and wholly unreversed, and a copy
thereof was filed with said answer; that, in accordance
with said judgment, said firm property was disposed of
by said receiver, and the proceeds applied in payment of
the debts of said firm according to law, all of which was,
and had been, in all things, fully confirmed by said court;
and that a large portion of said partnership debts, to wit,
one thousand dollars, remained unpaid and unsatisfied;
and that the interest of said Leonard Harriman, if he
should have any, after said partnership debts were paid,
was, by the order of said court, to be paid to the appellee
and the other creditors of said Harriman. Wherefore the
appellee had not been damaged, and was estopped from
pursuing any claim for damages until said property was
fully administered on by said receiver.

Fifth. And in the fifth paragraph of their answer, the
appellants alleged, in substance, that on the — day of
——, 1871, the appellant Nelson Donellan commenced
an action, in the court below, to have and procure the
application of the partnership property of said firm of
Harriman & Donellan applied in payment of their part-
nership debts, and to procure the appointment of a re-

ceiver, to which action the appellee and said Harriman
were made defendants, a copy of which proceedings was
filed with this answer; that the said action embraced all
the property and rights of property involved and men-
tioned in appellee's complaint; that the court below took
jurisdiction, and proceeded in said matter to settle all the
rights of the appellee and the appellants,—the appellee
seeking to reach said partnership property, with an exe-
cution against the said Leonard Harriman only, for his
own individual debt; that the said action was still pend-
ing in the court below, which had exclusive jurisdiction
of all said matters in said action; that the writing
obligatory, sued on in this action, was executed for no
other purpose than to procure an injunction therein ; and
that there was no judgment or order of said court, ad-
judging to the appellee any right whatever in said prop-
erty.   Wherefore the appellants said, that no cause of
action had accrued to the appellee on said bond, and that
the appellant David W. Swank executed said bond as
surety for his co-appellant, and not otherwise.

The appellee replied by a general denial to the second,
third, fourth and fifth paragraphs of appellants' answer.

And, for a further reply to the fourth and fifth paragraphs
of said answer, the appellee said, in substance, that it was
true, that the proceedings therein referred to, wherein Nel-
son Donellan was plaintiff, and Leonard Harriman and
others were defendants, in the court below, were com-
menced, as therein alleged; but the appellee said, that
from the decree and decision of the court below, in the
appointment of said receiver, and in the restraining of
said sheriff from selling said property, the appellee and
the sheriff appealed to the Supreme Court of this State;
and that said Supreme Court, on the — day of——, 1871,
in all things reversed said decree and declared the same
of no effect whatever; and that all said proceedings, re-
ferred to in said fourth and fifth paragraphs of answer,
of said court below, and the acts of said Westerfield as

receiver by the appointment of said court, were null and void, and in contempt of the order and decree of said court, and therefore of no validity whatever.

And this action, being at issue, was tried by a jury in the court below, and a verdict was returned for the appellee, assessing his damages at six hundred and seventy-three dollars and sixty cents. And, on written causes filed, the appellants jointly moved the court below for a new trial, which motion was overruled, and to this decision the appellants then excepted. And judgment was rendered on the verdict by the court below, from which judgment this appeal is here prosecuted.

In this court, the appellants have assigned the following alleged errors:

1st. That the appellee's complaint, in this case, does not state facts sufficient to constitute a cause of action; and,

2d. That the court below erred in overruling the appellants' motion for a new trial.

We will consider and decide the questions presented by these alleged errors in the order of their assignment.

It will be seen that the sufficiency of the facts stated in appellee's complaint, to constitute a cause of action, is called in question for the first time in this court. The appellants did not demur to appellee's complaint, nor did they move for any order requiring the appellee to make his complaint, or any of its averments, more certain or specific, in the court below; but after verdict and judgment, and without even a motion in arrest of judgment, the appellants urge their objections to the complaint in this court. This, of course, the appellants had the right to do under our code of practice, and we do not complain of it. But many objections to a complaint may be cured by the verdict, and parties may lose all benefit from their objections by not making them at the proper time. And so it is with the objections urged by the appellants to the complaint in this case. If these objections had been made

in the proper manner and at the proper time, and if these objections, thus and then made, had been overruled by the court below, and proper exceptions had been saved to such rulings, then the objections might possibly have been available to the appellants in this court, if the rulings of the court below were held to be erroneous.

But as the record of this cause is now made up, if we should find that the verdict of the jury was sustained by sufficient evidence, and that there were no errors of law occurring at the trial and excepted to, we would be bound to hold that such verdict cured all the alleged defects in the complaint, for the reason that sufficient facts are stated in the complaint to render the judgment thereon a complete bar to any other suit for the same cause of action.

We now come to the consideration of the questions presented by the second alleged error, the overruling by the court below of the appellants' motion for a new trial. Several causes were assigned by appellants for such new trial, most of which relate to alleged errors of law occurring at the trial, and excepted to by the appellants. These alleged errors of law we will consider in the order of their probable occurrence on the trial of this cause, rather than in the order of their assignment.

But, before proceeding to the consideration of these errors of law, we deem it necessary to a proper understanding of our decisions that we should first give a brief summary of the facts which gave rise to this action, as we gather the same from the record.

In October, 1867, the appellant Nelson Donellan and one Leonard Harriman formed a copartnership in the business of manufacturing and selling certain medicines and bitters, in which copartnership the mode of manufacturing such medicines and bitters was known only to said Harriman, and the cash capital of the concern was chiefly supplied by the appellant Donellan. This copartnership was continued until about March 1st, 1869. On August

12th, 1868, the appellee Hardy recovered a judgment in the court below against the said Leonard Harriman, for six hundred and seventy-three dollars and sixty cents, for his individual debt, and costs of suit. On December 5th, 1868, the appellee Hardy sued out, and placed in the hands of the sheriff of Madison county, an execution on his said judgment, against said Leonard Harriman. By virtue of said execution, the said sheriff, on February 23d, 1869, levied upon and seized the property of said copartnership, and advertised the same for sale on the 8th day of March, 1869. After said levy, on February 26th, 1869, the appellant Donellan commenced a suit in the court below against his copartner Harriman, the appellee Hardy, the sheriff of said county, and others, praying therein for a dissolution of said copartnership, a settlement of its business and accounts, the appointment of a receiver, an injunction against the defendants, and a temporary restraining order, and other proper relief. On the 27th day of February, 1869, in said suit, in vacation, the judge of the court below appointed J. W. Westerfield receiver of the said property of the said copartnership, and authorized him to take possession of said property and sell and dispose of the same, and collect and pay the debts of the firm, and report his proceedings to the court below; and the appellee Hardy, the sheriff, and others were restrained by the order of said judge from selling said copartnership property until the further order of the court below, on the second day of its next succeeding term. And, to procure said restraining order, the bond or undertaking now in suit was executed by the appellants, and approved by the judge of the court below. From said temporary restraining order of the judge of the court below, the appellee Hardy appealed to this court; and the said restraining order, so far as it related to the appellee Hardy, was reversed by this court at its November term, 1870. *Hardy* v. *Donellan,* 33 Ind. 501. And afterward, on April 29th 1871, the

appellee Hardy commenced this action against the appellants, in the court below, on the aforesaid bond or undertaking.

With this brief history of the origin of this action, we will now consider the alleged errors of law occurring at the trial of this cause, and excepted to, and which were assigned as causes for a new trial in appellants' motion therefor, in the court below.

The twelfth cause for a new trial, assigned in the appellants' motion therefor was as follows:

" 12th.   Because of error of law occurring at the trial, in this, the court overruled the defendants' objections to printed book and volume 33 of the Indiana Reports of the decisions of the Supreme Court of Indiana, which the plaintiff offered as evidence, and proposed· and offered to read in evidence from said printed book, on page 501, the report of the opinion of the Supreme Court .in the case of *Hardy* v. *Donellan,* and, over defendants' objections, the court permitted the plaintiff to read the same to the jury in evidence, to which the plaintiffs excepted at the time."

It appears from a bill of exceptions, which is properly ·in the record, that the appellee first proved, by the clerk of the court below, that he had searched among the papers of the clerk's office and could not find the opinion of the Supreme Court in said case of *Hardy* v. *Donellan;* and that there was no evidence or showing that he could find upon the records of the court below that the opinion ever was filed in his office, in said case, and *no opinion* was to be found on the records of said court.   And, having made this proof, the appellee offered in evidence the printed report of the opinion of the Supreme Court, in printed volume 33, on page 501, of the Indiana Reports, to the reading of which the appellants objected at the proper time, for the alleged reasons, then stated, " that said printed report is not legal or competent evidence to prove the judgment of the Supreme Court, that the same is not

certified by the clerk of the Supreme Court, and attested
with the seal of the court, to be a true and correct copy
of the judgment of the Supreme Court in the cause;
that it has attached to it no attesting certificate of the
clerk of the Supreme Court, and is not shown by any
competent proof to be a true copy of said judgment, and
because no proper foundation is laid to admit it."

These objections having been overruled by the court
below, and an exception saved to this ruling, the said
printed report of the opinion of this court was admitted
in evidence.

It is very clear to our minds, that the appellants' objec-
tions to this evidence were well taken. It was necessary
that the appellee, under the averments of his complaint,
should prove by competent evidence, that the restraining
order of the judge of the court below, in the original
case of *Donellan* v. *Hardy et al.*, had been in all
things reversed and held for naught by the judgment of
this court. This was a fact alleged by the appellee and
denied by the appellant. It was incumbent on the appel-
lee to establish the fact alleged, by the best competent
evidence for that purpose. In our opinion, the fact that
a particular judgment has been rendered by this court
can only be proved by a transcript of the judgment, with
the certificate of the clerk, attested by the seal of this
court, or by the record of such certified transcript in the
proper order book of the court below, if the same has
been there recorded, or, perhaps, though we need not, and
do not, so decide, by a copy of such record, duly certified
by the clerk, under the seal, of the court below. Cer-
tainly, it seems to us, the printed reports of the de-
cisions of this court, and of the opinions delivered in
announcing the decisions, are not competent evidence, for
the purpose of proving any matter of fact. These Re-
ports may evidence the law of this State, as the same is
construed and declared by this court, but they are not
competent evidence, and ought not to be admitted as

such, of the fact that such a judgment was rendered in such a case. No sufficient ground was shown by the appellee for the introduction of secondary evidence of the judgment of this court. The fact that a particular transcript of the judgment had been mislaid or could not be found on search, or, perhaps, had never been filed, would not justify the introduction of secondary evidence of the judgment. While the judgment remained of record in this court, the appellee could readily obtain original competent evidence of such judgment, by application to the clerk of this court for a duly certified transcript of such record. It seems to us, that the only evidence which would· have justified the court below in admitting the printed report of the case, as evidence of the judgment of this court, would be evidence of the destruction of the record of said judgment remaining in this court.

We hold, that the court below erred at the trial in admitting in evidence the printed report of the case of *Hardy* v. *Donellan,* 33 Ind. 501, for the purpose of proving the judgment of this court in said case.

The eleventh cause for a new trial, in the appellants' motion therefor, was alleged error of law occurring at the trial, in this, that the court below, over. the appellants' objection and exception saved, permitted the appellee to give in evidence a notice from the clerk of this court to the clerk of the court below, of the overruling of a petition for a rehearing by this court in the said case of *Hardy* v. *Donellan.* If this notice was given in evidence for the purpose of proving the judgment of this court, and we know of no other purpose for which it could have been put in evidence, it seems to us that it was clearly incompetent. As we have already seen, the judgment of this court in that case could only be proven by a duly certified transcript of the judgment, or by the record of such transcript in the court below, if the same was there recorded.

We need not elaborate this point, as we have already

Donellan *et al. v.* Hardy.

said all that we wish to say in regard to it. In our opinion, the court below erred in admitting said notice in evidence.

The appellee gave in evidence the complaint in the original suit, in which the restraining order was granted, and also such restraining order or injunction. In said complaint, the appellant Donellan in this case was the sole plaintiff, and the appellee Hardy and several others were defendants. It appeared from the restraining order in evidence, that the appellee and two others, one of whom was the sheriff of Madison county, were enjoined from selling the property described in the complaint, which had been levied on by said sheriff, under an execution in favor of the appellee. It also appeared from said order, that John W. Westerfield was therein appointed a receiver, and was thereby authorized, upon giving bond in the sum of seven thousand dollars for the faithful discharge of his duties, " to take possession of, sell, dispose of, collect, and pay all debts of the firm, and report his proceedings in the premises to this court."

The appellee, it would seem, made no complaint of this order appointing Westerfield receiver, on his appeal to this court, but the same remained unreversed and in full force. Appellee also proved by the sheriff, that Westerfield, as such receiver, took possession of the said property. When the appellee obtained a reversal of the restraining order as against himself, he was not thereby dismissed or excluded from the original suit; but he remained a party thereto, and, in our opinion, he was bound and concluded by the reports of the receiver, and the action and orders of the court below thereon.

If the action and orders of the court below on the receiver's reports were wrong, and injuriously affected the interests of the appellee, he had, or might have had, his remedy therefor. But he was a party to the record, and, while it remained in force, the record was legitimate and competent evidence against as well as for him.

When, therefore, at the proper time, the appellants offered in evidence the proceedings in the original suit, to which the appellee was a party subsequent to the restraining order therein, the reports of the receiver, and the orders of the court approving and confirming such reports, we think that the evidence thus offered was clearly competent, and ought to have been admitted. These proceedings were a part of the same record of the same court, in the same suit in which the appellee was a party defendant, a part of which record the appellee, as we have seen, had already given in evidence. Certainly, we know of no rule of evidence which would, or ought to, preclude the appellants from giving in evidence the remainder of such record. When the appellants offered in evidence the receiver's reports, and the orders of the court below thereon, the appellee's objections thereto were sustained, and the offered evidence was excluded, and to these decisions the appellants excepted. These rulings of the court below were assigned as causes for a new trial in the appellants' motion therefor addressed to the court below, and the correctness of these decisions is therefore fairly presented for our consideration.

In our opinion, the court below erred in excluding the evidence thus offered by the appellants.

It is a clear proposition, we think, that the appellee, by virtue of the levy of his execution against Harriman on the copartnership property of the firm, composed of said Harriman and the appellant Donellan, acquired only a lien upon the said Harriman's interest in said property, and upon nothing more. If there had been no restraining order, the sheriff could only have sold, under said execution and levy, the said Harriman's interest in said property, and nothing more. This interest was not an interest in the specific property, but it was an interest in what might remain of the partnership property after the payment of the copartnership debts, and after the satisfaction of the specific lien which the appellant Donellan

Donellan *et al. v.* Hardy.

had thereon " for his own amount or share of the capital stock and funds, and for all moneys advanced by him for the use of the firm." In other words, Harriman's share of the property was a share in what remained thereof, " after the full discharge and payment of all debts and liabilities of the partnership;" and this share was applicable to the payment of whatever was due from Harriman to the partnership, before any of it could be applied to the payment of his individual debts to the appellee, or any other creditor.

The law is, " that no separate creditor of any partner can acquire any right, title, or interest, in the partnership stock, funds, or effects, by process or otherwise, merely in his character as such creditor, except for so much as belongs to that partner, as his share or balance, after all prior claims thereon are deducted and satisfied." Story Partnership, sec. 97, and authorities cited.

We have thus stated some of the elementary principles of the law of partnership, because we think they are directly applicable to the case at bar, and because, also, it has seemed to us that the court below overlooked these principles in its instructions to the jury, and in its refusal to give the jury some of the instructions asked for by the appellants.

This opinion is already so extended that we merely advert to these instructions without examining them in detail, and must content ourselves with the preceding statement of some of the legal principles which we think are applicable to this case.

In our opinion, the court below erred in overruling the appellants' motion for a new trial.

The judgment of the court below is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.