Scott *el al. v.* Zartman.

---

SCOTT ET AL. *v.* ZARTMAN.

MORTGAGE.—*Complaint for Foreclosure.— Defect Cured by Verdict.— Assignment of Error.*—In an action for the foreclosure of a mortgage, the complaint contained a description of the mortgaged premises, and also of the mortgage and the notes secured thereby, but contained no allegation that copies of such instruments had been filed therewith.

The defendant appeared to the action, but refused to answer, and failed to except to the judgment rendered against him.

*Held,* on an assignment of error, in the Supreme court, questioning the sufficiency of the complaint, that such copies may have been filed, and that, after verdict and judgment, the complaint is sufficient.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

*J. S. Collins* and *J. W. Adair,* for appellee.

PERKINS, J.—Suit to foreclose a mortgage.

The complaint contained a description of the land mortgaged, and of the mortgage and the notes secured by it. Copies of the mortgage and notes may have been filed with the complaint. We say this, because the copies filed corresponded with the descriptions of the notes and mortgage set forth in the complaint; but the complaint did not contain the allegation, "a copy of each of which is filed herewith." It did not aver the identity of those described in the complaint and those filed with it.

The defendants appeared, but refused to answer.

The cause was submitted to the court upon default, for want of an answer, the evidence heard, and upon it there was a finding for the plaintiff, and a decree accordingly, to which the defendants took no exception.

On appeal to this court, the defendant, as appellant, claims that the complaint was defective, because it did not contain the words, after describing the notes and mortgage, " a copy of each of which is filed herewith," according to form No. 9, 2 R. S. 1876, p. 359.

The fact that the complaint in a cause does not contain a cause of action may be brought before the court in either of three modes :

1. By a demurrer to the complaint;

2. By a motion in arrest of judgment, Bicknell Civil Prac. 392; and,

3. By assigning the fact as error, in the Supreme Court.

The rule of decision upon the point is not the same in all the three cases. When it arises upon a demurrer to the complaint, the court, in considering it, can not assume that the plaintiff can prove any thing beyond what he has alleged therein. The court must decide the question upon the allegations in the complaint; and, if they, as they there exist, are not sufficient, a demurrer to the pleading for this cause must be sustained.

But where the question arises upon motion in arrest, or on assignment of error in the Supreme Court, the question has to be considered and decided in connection with sec. 580, 2 R. S. 1876, p. 246, a clause of which is as follows :

" Nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

Hence, if the deficiencies in the complaint have been waived, or supplied by evidence admitted without objection, the cause can not be reversed on appeal, though on

demurrer it would necessarily have been held bad. See Bicknell Civil Prac., 392–4.

These distinctions will be illustrated as we proceed.

The complaint in this case would have been held bad on demurrer.. *Alspaugh* v. *The Ben Franklin Draining Association*, 51 Ind. 271; *Westfall* v. *Stark*, 24 Ind. 377; *Sinker, Davis & Co.* v. *Fletcher, ante,* p. 276.

But the question here is, whether the defect was such a one that, looking to the whole record, a judgment below upon the complaint, without objection, will be reversed on account of it, in this court.

In *Reveal* v. *Conner*, 21 Ind. 289, it was held, that, in a suit upon a note, where the note was not, in fact, filed with the complaint, the complaint contained no cause of action, and a judgment upon it should be reversed on appeal, though no objection was presented below. It is admitted, in the opinion in the case, that, though the judgment in the cause might probably bar another action upon the note, still, under the code, it should be reversed.

At common law, a declaration upon a note containing a description thereof, without being accompanied by a copy, contained facts constituting a cause of action, and the record of the cause, including the judgment, might constitute a bar to another action on the note. And, under the code, if a complaint upon a note should contain a description thereof, as in a declaration at common law, and should not be accompanied by a copy, but no objection for that reason should be made, and the cause should be tried, the note being given in evidence, and judgment in the case being rendered without objection, why should not the record of the cause bar another action on the note? We are not called upon, in this case, to answer the question.

While, as we have shown, *Reveal* v. *Conner, supra,* is not in point as an authority in the case now before us, still it may properly be noted that it has been overruled.

On the question of the judgment barring another action

on the note, it is said by HOWK, J., in *Donellan* v. *Hardy*, 57 Ind. 393:

"But as the record of this cause is now made up, if we should find that the verdict of the jury was sustained by sufficient evidence, and that there were no errors of law occurring at the trial and excepted to, we would be bound to hold that such verdict cured all the alleged defects in the complaint, for the reason that sufficient facts are stated in the complaint to render the judgment thereon a complete bar to any other suit for the same cause of action."

To the same effect is *Whitworth* v. *Ballard*, 56 Ind. 279.

In *Westfall* v. *Stark, supra*, where there was a failure to file copies of title-bonds, being the foundation of the suit, the court intimated that the practice should be to reach the defect by means of "a motion to require the filing of the copies," and, in effect, more than decided that the failure to insert in the complaint the averment that they were filed with it, when they were in fact filed, was not a defect for which the cause could be reversed, where the objection was raised for the first time, on appeal, in the Supreme Court. The court, by RAY, J., said:

"The verdict will cure the defective averment. The rule is stated thus: 'If the pleadings of the party for whom a verdict has been found are faulty, in omitting some particular fact or circumstance, without which he ought not to have judgment, but which is, nevertheless, implied in, or inferrible from, the findings of those facts which are expressly alleged and found, the pleading is aided, (because the omission is supplied,) by the verdict. In other words, the court, in such a case, must presume that the fact or circumstance omitted was proved to the jury.' Gould's Plead., ch. 10, §. 12.

"Lord MANSFIELD, in the case of *Rushton* v. *Aspinall*, stated the rule to the following effect: 'Where the statement of the plaintiff's cause of action, and that only, is defective or inaccurate, the defect is cured by a general verdict in his favor; because, to entitle him to recover, all cir-

cumstances necessary, in form or substance, to complete
the title so imperfectly stated, must be proved at the trial
and it is, therefore, a fair presumption that they were prov-
ed.' In this view of the question, we regard the ruling of
the court sustaining the motion in arrest of judgment as
erroneous. This conclusion being in conflict with the
ruling in the case of *Reveal* v. *Conner et al.*, 21 Ind. 289,
that decision is overruled."

See *Peck* v. *Martin*, 17 Ind. 115, and Bicknell Civil
Prac. 138.

*Westfall* v. *Stark, supra,* was cited in *Bales* v. *Scott*, 26 Ind.
202; was followed in *Perdue* v. *Stevenson*, 54 Ind. 161,
*Eigenmann* v. *Backof*, 56 Ind. 594, and *Nelson* v. *White,
ante,* p. 139.

See, also, *Dawson* v. *Byard*, 41 Ind. 165; *The In-
dianapolis, etc., R. R. Co.* v. *Petty*, 30 Ind. 261; *Wesley*
v. *Milford*, 41 Ind. 413; and *Donellan* v. *Hardy*, 57 Ind.
393.

These decisions would seem to be in accord with sec-
tion 580 of the practice act, 2 R. S. 1876, above quoted.
In *The Indianapolis, etc., R. R. Co.* v. *Petty, supra,* it is
said by FRAZER, J.:

" Such liberality of construction must be indulged after
verdict. 1 Chitty's Pl. 673, *et seq.* There could not have
been a verdict for the plaintiff upon this paragraph
without proof of the fact thus implied; and as no objec-
tion appears to have been made to evidence, and the evi-
dence is not in the record, it is, we think, fair to assume
in support of the judgment, that this proof was made
without objection. The code has little toleration for the
practice of concealing questions from the lower courts,
with a view to make them available upon vexatious ap-
peals; and it is therefore necessary to the harmony of our
practice, as a whole, as well as to the fair administration
of justice, that the most liberal form of the common-law
doctrine of intendment after verdict shall be fully main-
tained."

In view of these authorities, we can not do otherwise than affirm the judgment below.

Affirmed, with costs.